# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0593** (Hampshire County 16-F-1)

**Amy Lynn Leatherman,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Amy Lynn Leatherman, by counsel William T. Rice, appeals the Circuit Court of Hampshire County's May 23, 2016, order sentencing her to three concurrent terms of incarceration of one to five years and twenty years of supervised release. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court violated her constitutional right to equal protection and abused its discretion in imposing her sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, law enforcement received information that petitioner, an adult, engaged in sexual intercourse with T.W., who was approximately thirteen years old. Upon investigation, petitioner admitted to these facts. According to petitioner, she engaged in intercourse with the child on at least three separate occasions.

In January of 2016, petitioner was indicted on five counts of third-degree sexual assault. The following month, petitioner accepted a plea agreement whereby she would plead guilty to three counts of third-degree sexual assault and be subject to registration as a sex offender and extended supervised release. In exchange, the State agreed to dismiss the remaining two counts of the indictment. During the plea hearing, the circuit court engaged petitioner in a plea colloquy, during which she acknowledged that her plea was knowing and voluntary. Petitioner also acknowledged that she understood the terms of her plea agreement, including the potential sentences for each count to which she pled. She also acknowledged that she would be required to register as a sex offender and submit to up to fifty years of supervised release. The circuit court then accepted petitioner's plea.

1

In May of 2016, the circuit court held a sentencing hearing. Petitioner argued that she should receive probation. The circuit court, however, denied petitioner's request and sentenced her to three terms of incarceration of one to five years, to be served concurrently. The circuit court also imposed twenty years of supervised release. Finally, the circuit court ordered petitioner to pay the costs of the proceedings and the victim's counseling fees. It is from the sentencing order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the proceedings below.

Petitioner's entire argument in support of her appeal is that the circuit court erred in imposing her sentence because she was entitled to alternative sentencing in the form of probation. According to petitioner, her alcohol abuse and addiction, low IQ, and lack of a prior criminal history entitled her to alternative sentencing. Accordingly, petitioner argues that the circuit court's sentence of three concurrent one to five year terms of incarceration, twenty years of supervised release, and lifetime registration as a sex offender was both an abuse of discretion and a violation of her right to equal protection. We do not agree.

Importantly, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 2, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009). Here, petitioner does not allege that her sentence is outside the bounds of the applicable statute or based on any impermissible factor. Indeed, petitioner readily admits that West Virginia Code § 61-8B-5(b) allows for imposition of a sentence of one to five years.[1] Instead, petitioner argues that, because of certain mitigating factors, imposing the statutory sentence makes her punishment disproportionate to her crimes. We do not find this argument persuasive because petitioner admits that her sentence was imposed within the applicable statutory guidelines and was not based on any impermissible factor. Thus, it is not subject to appellate review.

---

[1]West Virginia Code § 61-8B -5(b) states, in relevant part, that

[a]ny person violating the provisions of this section [setting forth the crime of third-degree sexual assault] is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than one year nor more than five years, or fined not more than ten thousand dollars and imprisoned in a state correctional facility not less than one year nor more than five years.

For the foregoing reasons, the circuit court's May 23, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker